IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jaquan Floyd Chisholm, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:12-472-SB |
| v. ) | |
| ) | |
| Sgt Crystal Moton and Sheriff Tony ) | **ORDER** |
| Davis, ) | |
| ) | |
| Defendants. ) | |



This matter is before the Court upon the Plaintiff's pro se complaint filed pursuant to 42 U.S.C. § 1983. On July 9, 2012, the Defendants filed a motion for summary judgment. On July 10, 2012, a United States Magistrate Judge issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), outlining the summary judgment procedure and informing the Plaintiff of the possible consequences if he failed to respond adequately to the motion. When the Plaintiff failed to respond, the Magistrate Judge issued a second order on September 7, 2012, giving the Plaintiff until September 27, 2012, to file his response. When the Plaintiff again failed to respond, the Magistrate Judge issued a report and recommendation ("R&R") on October 3, 2012, recommending that the Court dismiss the action with prejudice for lack of prosecution and for failure to comply with the Court's orders. Attached to the R&R was a notice advising the Plaintiff of his right to file written objections to the R&R within fourteen days of receipt of the R&R.

Throughout the past few months, the Plaintiff has moved a couple times, and the R&R has been sent to him three times. The last mailing of the R&R occurred on November 14, 2012; then, on December 4, 2012, the Defendant filed a motion for an

extension of time to file objections and to respond to the Defendant's motion for summary judgment. The Plaintiff asked for an extension until December 28, 2012, and the Court granted his request in an order filed on December 6, 2012. In the order, the Court noted that it would not grant any further extensions of time absent exceptional circumstances due to the many delays in this case caused by the Plaintiff's failure to comply with the Court's orders. In any event, to date, no response or objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record, the applicable law, and the Magistrate Judge's findings and recommendations for clear error. Finding none, the Court agrees with the Magistrate Judge that it appears the Plaintiff no longer wishes to pursue this action. Accordingly, the Court hereby adopts the R&R (Entry 33) as the Order of the Court, and it is

**ORDERED** that this matter is dismissed with prejudice for lack of prosecution and for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982). See also Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989).

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

January 7, 2013
Charleston, South Carolina

